IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv321

| | |
|---|---|
| JOE HAYNES; GROVER PAYNE; and KEN COLE, et al, <br><br> Plaintiffs, <br><br> Vs. <br><br> BLUE RIDGE PAPER PRODUCTS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) MEMORANDUM AND <br> ) RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint for Lack of Subject-Matter Jurisdiction. Having carefully considered defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint for Lack of Subject-Matter Jurisdiction and reviewed the pleadings, including plaintiffs' Response and defendant's Reply, the court enters the following findings, conclusions, and Recommendation.

### FINDINGS AND CONCLUSIONS

**I.  Background**

In the original Complaint, plaintiffs asserted a cause of action under the

common law of North Carolina for private temporary nuisance. Defendant moved to dismiss such claim, and plaintiff amended its Complaint to allege a cause of action "under the federal common law of nuisance." Amended Complaint, at ¶ 4.

The named plaintiffs are all residents of Haywood County, North Carolina, who own land on the Pigeon River downstream of defendant's paper mill. Id., at ¶¶ 1 & 6. They purport to bring this action on behalf of a class of some 600 similarly situated people, 69 of whom reside outside the State of North Carolina. Id., at ¶ 4 & 17(a). They complain that the discharge from defendant's paper mill creates a nuisance because it "discharges waste, chemicals, and other contaminants into the Pigeon River, and that the Pigeon River is brown in color, has an odor, and is often filled with foam." Id., at ¶ 1.

## II. Nature of the Motion to Dismiss

Defendant has moved to dismiss the Amended Complaint, arguing that plaintiffs' claim for federal common law nuisance has been preempted by the Clean Water Act. Defendant seeks dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure.

## III. Rule 12(b)(1): Applicable Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at

any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett,

> 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

## IV. Discussion

In response to defendant's Motion to Dismiss the Amended Complaint, plaintiffs concede that their federal common law nuisance claim has been preempted by federal statutory law. Response, at p. 5. Plaintiffs argue, however, that despite preemption, they can pursue their claim under federal common law because

> [i]n a nutshell, by its own terms, aided by application of Congressional regulations, Blue Ridge's NPDES permit – No. NC0000272 – allows the Plaintiffs to maintain their federal common law of nuisance claim, despite the claim being otherwise generally preempted by the CWA.
> \* \* \*
> At bottom, by including this provision – a standard condition appended to Blue Ridge's NPDES permit – the EPA, the State of North Carolina and Congress have made clear that aggrieved landowners who

4

> suffer injury to their property or whose personal rights are invaded by the permit holder may indeed bring a private action "for infringement of Federal, State or local laws or regulations," notwithstanding the CWA's otherwise preemption of the field.

Response, at pp. 6-8 (footnote omitted). This argument is without merit as it has been specifically rejected by the United States Supreme Court.

In <u>City of Milwaukee v. Illinois</u>, 451 U.S. 304 (1981), the Supreme Court held that amendments to the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("FWPCA") preempted the federal common law of nuisance in all areas relating to the discharge of effluents under NPDES permits. The Court held that after the 1972 amendments,

> [f]ederal courts lack authority to impose more stringent effluent limitations under federal common law than those imposed by the agency charged by Congress with administering this comprehensive scheme.

<u>Id.</u>, at 320.

In arguing that they may proceed with their federal common law claim, plaintiffs cite <u>Middlesex County Sewerage Authority v. National Sea Clammers Association</u>, 453 U.S. 1, 11 (1981) for the proposition that private plaintiffs may bring a federal common law nuisance claim. Plaintiffs' reliance on such decision is misplaced as the Court held therein that "there is no implied right of action under these statutes and that the federal common law of nuisance has been fully pre-empted

5

in the area of ocean pollution." Id., at 11 (footnote omitted).

Plaintiffs also rely on language in the federal regulations and within defendant's NPDES permit, contending that such entitles them to bring a federal common law claim against defendant. This argument has also been rejected. In City of Milwaukee, supra, Illinois contended that congress had intended to preserve a private cause of action for federal common-law nuisance, as evidenced by the language of Section 505(e) of the FWPCA, id., at 327, which provided as follows:

> Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any effluent standard or limitation or to seek any other relief (including relief against the Administrator or a State agency).

Id., at 328 (emphasis omitted). The Court rejected this argument, holding that such language was merely "common language accompanying citizen-suit provisions" that were "virtually identical to subsections in the citizen-suit provisions of several environmental statutes," and meant only that the "the provision of such suit does not revoke other remedies" allowing private persons to sue to enforce the Clean Water Act and FWPCA. Id., at 329.

Just as 505(e)'s provision preserves citizens' rights to "seek any other relief," the language cited by plaintiffs herein contains provisions which they read to preserve private citizens' legal rights. As in City of Milwaukee, plaintiffs claim that such

language preserves their right to sue under federal common law is indistinguishable from the position taken by the plaintiff in City of Milwaukee. As the decisions of the United States Supreme Court make clear, however, Congress preempted the entire field of effluent discharge when it amended the FWPCA in 1972 and neither the EPA nor the DENR has the authority to create a remedy Congress has foreclosed.

> The Supremacy Clause of the United States Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Under the Supremacy Clause, state law that conflicts with federal law is "without effect." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (internal quotation omitted). Nevertheless, in evaluating arguments based on the Supremacy Clause, we begin with "the assumption that the historic police powers of the States [are] not to be superseded by ... Federal Act unless that [is] the clear and manifest purposes of Congress." Id. (internal quotation and citation omitted). As always, we look first to the language of a statute to determine Congress' intent. *Sprietsma v. Mercury Marine*, 537 U.S. 51, 62-63, 123 S.Ct. 518, 154 L.Ed.2d 466 (2002). When that intent is "explicitly stated in the statute's language," conflicting state law is expressly preempted. *Cipollone*, 505 U.S. at 516, 112 S.Ct. 2608 (internal quotation omitted).

AES Sparrows Point LNG, LLC v. Smith, 527 F.3d 120, 125 (4th Cir. 2008).

Reading the decisions of the Supreme Court, the undersigned cannot find that this court would have subject-matter jurisdiction over a federal common law claim sounding in nuisance based on effluents discharged under an NPDES permit. Clearly, such has been preempted and nearly identical arguments in support of federal

7

common law nuisance have been addressed and rejected by the United States Supreme Court. Finding that this court lacks subject matter jurisdiction over preempted federal common law claims, the undersigned will respectfully recommend that the district court grant defendant's Motion to Dismiss under Rule 12(b)(1).

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint for Lack of Subject-Matter Jurisdiction (#10) be **ALLOWED,** and that this action be **DISMISSED.**

**IT IS FURTHER RECOMMENDED** that, as a matter of housekeeping, defendant's first Motion to Dismiss (#4) be denied without prejudice as **MOOT** in accordance with In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot").

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the

district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 30, 2009

Dennis L. Howell
United States Magistrate Judge